IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Curlina Smith, | ) | |
| | ) | Civil Action No. 8:10-cv-01384-JMC |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| First Sun Management, Inc., | ) | |
| Defendant. | ) | |

The *pro se* Plaintiff filed this action alleging claims against Defendant for discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and filing false documents. In his Report and Recommendation, filed on August 12, 2010, the magistrate judge recommends that Plaintiff's Complaint [Entry # 1-1] be dismissed for lack of prosecution. The Report and Recommendation sets forth the relevant facts, which this court incorporates herein without a recitation.

The magistrate judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection

is made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff was advised of her right to file objections to the Report and Recommendation. However, Plaintiff filed no objections to the Report and Recommendation within the prescribed time limits.

In the absence of objections to the magistrate judge's Report and Recommendation, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed.R.Civ.P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report and Recommendation results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After a thorough review of the Report and Recommendation and the record in this case, the court adopts the magistrate judge's Report and Recommendation and incorporates it herein. It is therefore **ORDERED** that Plaintiff's Complaint [Entry #1-1] be dismissed for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989), *cert. denied*, 493 U.S. 1084 (1990).

Defendant also filed a Motion to Dismiss and to Compel Arbitration and Stay Proceedings [Entry # 10].  Because the court has ordered that this action be dismissed for lack of prosecution by Plaintiff, the court finds that this motion is now moot.

**IT IS SO ORDERED.**

s/ J. Michelle Childs<br>United States District Judge

Greenville, South Carolina
September 13, 2010